REQUESTED BY: Allan L. Abbott Director-State Engineer
You have asked whether the State can finance the cost of printing State highway maps by selling advertising space on the back of the map. For the reasons stated below, we believe the answer to this question is yes.
You have informed us that the State of Nebraska, Department of Roads, (hereafter Roads Department) has regularly printed a State highway map, and distributed it for free, in the interest of providing travel information to the traveling public. Public requests for these maps have dramatically increased. In the interest of saving funds, the Roads Department has decided to not reprint these free maps until-1994 or 1995.
The tourism division of the Nebraska Department of Economic Development (hereafter Tourism), uses these free maps as a part of its promotional activities. Tourism and the Roads Department are interested in finding a low cost way to continue printing highway maps. It has been proposed that the Roads Department provide the negatives and camera-ready text for the map and that Tourism, through its contract advertising agency, sell advertising space on the back of the map. The advertising would be sold to Nebraska tourist attractions and tourist-oriented businesses and would include a listing of any other corporate or business sponsors. The funds raised would cover the costs of printing the maps. The Roads Department would receive back its negatives and Camera-ready text and would receive an adequate number of new maps. The Roads Department and Tourism would both distribute the maps !free to the public. We have been advised that other states, such as California and Georgia, have used some form of corporate sponsorship to finance the printing of maps and other tourist literature.
We will first discuss whether the State has the statutory authority to finance the printing of the map as proposed. Under Neb.Rev.Stat. § 39-1311 (1988), the Roads Department is required to maintain for public inspection a current map of the State highway system. There is no statutory requirement however, that this map be reproduced and provided free to the public.
Generally speaking, state officers, boards, commissions, and departments have such powers as may have been delegated to them by express constitutional and statutory provisions, or as may properly be implied from the nature of the particular duties imposed on them.
81A C.J.S. States § 120 (1977). See also, 63A Am. Jur. 2d Public Officers and Employees § 300 (1984). See also, In Re Appeal of Roadmix Construction Corp., 143 Neb. 425, 9 N.W.2d 741 (1943). The Roads Department clearly has the statutory authority to create a map of the State highway system. See, Neb.Rev.Stat. § 39-1311 (1988). Tourism's authority is found in Neb. Rev. Stat. § 81-1201.13 (1987), and is stated, in part, as follows:
The Travel and Tourism Division shall develop a program to provide promotional services and technical assistance to local governments and industry members and to ensure the protection and development of Nebraska's attraction resources. The department shall have an advisory committee to provide regular consultation to the Travel and Tourism Division.
All advertising contracts awarded by the department concerning travel and tourism shall be based on competitive bids.
(Emphasis added.) Tourism's authority appears to us to be broad enough to include the use of advertising a a method to promote and develop "Nebraska's attraction resources." This conclusion is based on the reasonable assumption that the phrase "Nebraska's attraction resources" would be interpreted to include tourist attractions and tourist-oriented businesses. Tourism, therefore, has statutory authority to finance the printing of State highway maps by selling advertising space on the back of the map. Additionally, there is authority in the Interlocal Cooperation Act, Neb.Rev.Stat. §§ 13-801 through 13-827
(1991), for the type of joint State agency action as is contemplated by your proposal.
We know of no other reason that would prohibit the State from shifting the cost of the printing of these maps from the State to advertisers. We would note, however, that there could be a potential problem if all advertisers are not given an opportunity to advertise on the map. We would suggest that the advertisers be selected by bid, or some other method reasonably calculated to be fair to all potential advertisers. We would also suggest that the State write specifications for the use of the printed maps in order to retain reasonable control over the quality of the maps.
Sincerely,
 DON STENBERG Attorney General